**UNITED STATES DISTRICT COURT**
**EASTERN MICHIGAN DISTRICT**

Dane Christopher Muma, Plaintiff(s),
vs.
COUNTY OF GLADWIN,
Kayla Kreuger and Alexis Evers,
individually and in her official capacity,
and DOES 1–10, inclusive, Defendant(s).

Case: 2:25-cv-13545
Assigned To : Goldsmith, Mark A.
Referral Judge: Altman, Kimberly G.
Assign. Date : 11/7/2025
[CMP] MUMA v. GLADWIN, COUNTY OF, et al.

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS**
*(42 U.S.C. § 1983)*

**JURY TRIAL DEMANDED**

---

**INTRODUCTION**

1. This is a civil rights action brought under **42 U.S.C. § 1983** and the **Fourth, Fifth, Sixth and Fourteenth Amendments** to the United States Constitution. The Defendants, through deliberate misconduct, deprived Plaintiff of his constitutional rights to familial association, due process, and equal protection under the law.

2. Specifically, Defendant Kayla Kreuger and Alexis Evers, acting under color of state law, knowingly made false statements under penalty of perjury in court reports submitted to the Juvenile Dependency Court, causing Plaintiff severe emotional, reputational, and financial harm.

3. Defendant's actions were enabled, condoned, and perpetuated by the **County of Gladwin** through its policies, customs, practices, and failures to train and supervise its employees, in violation of the precedent established in *Monell v. Department of Social Services, 436 U.S. 658 (1978)*.

4. Plaintiff(s) seek compensatory and punitive damages in the amount of $10,000,000, attorneys' fees under **42 U.S.C. § 1988**, and any other relief the Court deems just and proper.

---

**JURISDICTION AND VENUE**

5. This action arises under **42 U.S.C. § 1983** and the **Fourth, Fifth, Sixth and Fourteenth Amendments** to the United States Constitution.

6. This Court has jurisdiction over this matter pursuant to **28 U.S.C. §§ 1331** and **1343**, as the claims involve federal constitutional questions and civil rights violations.

7. Venue is proper in the **Eastern District of Michigan** under **28 U.S.C. § 1391(b)**, as the events giving rise to this action occurred within this District, specifically in the **County of Gladwin**.

---

**PARTIES**

8. **Plaintiff:** Dane Christopher Muma, a man and natural father residing in the County of Gladwin, is the natural father of Asher Immanuel Muma, Malachi Micah Muma, Elijah Daniel Muma and Ariella Esther Muma. Plaintiff was harmed by the acts and omissions of Defendants.

9. **Defendant County of Gladwin:** The County is a municipal entity responsible for the operation of the Department of Health and Human Services

Child Protective Services (**CPS**). The County is sued for its policies, customs, and practices that enabled and facilitated the constitutional violations alleged herein.

10. **Defendant Kayla Kruger and Alexis Evers:** Defendant is a social worker employed by DHHS CPS division. At all relevant times, Defendant acted under color of state law and within the scope of her employment. She is sued in both her **individual** and **official capacities**.

11. **DOES 1–10:** Plaintiff is currently certain of the true names and capacities of Does 1–10, who are employees or agents of CPS. Plaintiff will amend this complaint to alleged names if not currently correct once ascertained.

---

**FACTUAL ALLEGATIONS**

12. On or about 11/17/2023, Defendant Kayla Kruger was assigned as the caseworker in a matter involving the Plaintiff and his minor child(ren), under the authority of the **Gladwin County Department of Health and Human Services (DHHS) Child Protective Services (CPS)**.

13. Plaintiff is a loving and law-abiding parent who had no prior history of abuse or neglect against his sons and daughter. The case originated from a report submitted to CPS alleging child abuse, alledging spanking with a belt, board, and a horse whip.

14. Upon assignment to the case, Defendant Kayla Kruger failed to conduct an **impartial and thorough investigation** as required by CPS guidelines, Michigan state law, and the **Michigan Welfare and Institutions Code § 712A**, which governs dependency proceedings.

15. Instead, Defendant Kayla Kruger exhibited a clear bias against Plaintiff from the outset, as demonstrated by:
    a. Making accusatory statements without evidence during interviews with

Plaintiff;

1. Defendents Kayla Kruger and Alexis Evers intentionally lied under Oaththe penalty of perjury as witnesses or in document form. Miss Kruger stated that Plaintiff natural father abused his sons and daughter with a horse whip, and a board. Alexis Evers stated under the penalty of perjury that the plantiff natural father had a substance abuse problem.

   b. Failing to interview relevant witnesses, including Dane Christopher Muma, Marla Muma, Dawn Laidlaw, Chel-C Garrison, Anne Putnam whose testimony would have exonerated Plaintiff; and

   c. Disregarding exculpatory evidence, such as medical records, Character witnesses such as Tyler Muma, Taylor Muma, Kaleb Shell, Pastor Ryan Chaloux, Patty Bouchard Elijah House Fellowship.

---

**CAUSES OF ACTION**

COUNT I: VIOLATION OF 42 U.S.C. § 1983 – DUE PROCESS (FOURTEENTH AMENDMENT)

16. The Fourteenth Amendment protects individuals from the deprivation of life, liberty, or property without due process of law. Familial integrity—the right of parents to custody and care of their children—is a fundamental liberty interest protected under the Due Process Clause (*Santosky v. Kramer, 455 U.S. 745 (1982)*) and (Troxel v. Granville, 530 U.S. 57 (2000)*)

COUNT 2: VIOLATION OF 42 U.S.C. § 1983 - DUE PROCESS (FIFTH AMENDMENT)  Familial integrity—the right of parents to custody and care of their children—is a fundamental liberty interest protected under the Due Process Clause (* IN RE Blakeman 926 N.W.2d 326  (2018) Mich. App. 318)

MCR 3.974/3.975 MCL 712A.19

---

**PLEADING FOR RELIEF**

**WHEREFORE,** Plaintiff request for judgment against Defendants as follows:

1. **Compensatory Damages:** For compensatory damages in the amount of $10,000,000 or an amount to be proven at trial.
2. **Punitive Damages:** Against Defendant Kayla Kruger and Alexis Evers in

her individual capacity, sufficient to punish and deter similar misconduct.

3. **Injunctive Relief:** Requiring Defendant County of Gladwin to implement policies and training programs to prevent similar constitutional violations.

---

**DEMAND FOR TRIAL BY JURY**
Plaintiff demands a **trial by jury** on all issues triable by a jury.

Dane-Christopher: Muma
PO BOX 633
Gladwin, Michigan [48624]
(989) 429-0920
danemuma@gmail.com

# Proof of Service

## Certificate of Service

NOTICE OF SERVICE: I, Dane-Christopher: Muma, Certify that a true copy of the aforementioned documents were sent by way of USPS mail to the following addresses below November 3, 2025.

To: Clerk of the U.S. District Court,
    231 W. Lafayette Blvd., Room 599
    Detroit, MI 48226

To: Kayla Kruger CPS
    675 East Cedar Avenue,
    Gladwin, MI 48624

To: Alexis Evers CPS
    675 East Cedar Avenue
    Gladwin, MI 48624

To: Post Master General
    475 L' Enfant Plaza SW
    Washington, DC 20260-0010

*Dane-Christopher: Muma* (signature)

