UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANE CHRISTOPHER MUMA,   Case No. 1:25-cv-13545-TLL-PTM

    Plaintiff,   HON. THOMAS L. LUDINGTON

v.   MAG. PATRICIA T. MORRIS

County of Gladwin, *et al.*

    Defendants.

---

| | |
|---|---|
| Dane Christopher Muma | Melissa L. Bianchi (P87474) |
| Plaintiff Pro Se | Bryan W. Beach (P69681) |
| PO Box 633 | Assistant Attorneys General |
| Gladwin, MI 48624 | Attorneys for State Defendants |
| | MI Dep't of Attorney General |
| | Health, Education & Family |
| | Services Division |
| | P.O. Box 30758 |
| | Lansing, MI 48909 |
| | (517) 335-7603 |
| | BianchiM3@michigan.gov |
| | BeachB@michigan.gov |

---

## STATE DEFENDANTS' MOTION TO DISMISS

For the reasons set forth in the accompanying brief, Defendants,

Kayla Kreuger, and Alexis Evers ("State Defendants") respectfully move

this Court for an order dismissing the Complaint in its entirety

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and

granting State Defendants such and further relief as the Court deems just and appropriate.

Under Local Rule 7.1(a), State Defendants' counsel sought Plaintiff's concurrence with this motion and its legal basis on December 12, 2025, via email. A conference with Plaintiff was held on December 16, 2025. Concurrence with the requested relief was not obtained.

Respectfully submitted,


/s/ Melissa L. Bianchi
Melissa L. Bianchi (P87474)
Bryan W. Beach (P69681)
Assistant Attorneys General
Attorneys for State Defendants
MI Dep't of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909

Dated: December 16, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANE CHRISTOPHER MUMA,

      Plaintiff,

v.

County of Gladwin, *et al.*

      Defendants.

Case No. 1:25-cv-13545-TLL-PTM

HON. THOMAS L. LUDINGTON

MAG. PATRICIA T. MORRIS

---

Dane Christopher Muma
Plaintiff Pro Se
PO Box 633
Gladwin, MI 48624

Melissa L. Bianchi (P87474)
Bryan W. Beach (P69681)
Assistant Attorneys General
Attorneys for State Defendants
MI Dep't of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
BianchiM3@michigan.gov
BeachB@michigan.gov
          /

---

# BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

Page

Index of Authorities....................................................................................ii

Concise Statement of Issues Presented ..................................................vi

Controlling or Most Appropriate Authority............................................vii

Introduction.................................................................................................1

Statement of Facts ....................................................................................3

Standard of Review ...................................................................................5

Argument.....................................................................................................7

I.    Muma's claims should be dismissed because they are barred
      by immunity. ....................................................................................7

      A.    All claims are barred by absolute immunity. ........................7

      B.    The Eleventh Amendment bars Muma's claims against
            State Defendants in their official capacities. .........................9

      C.    State Defendants are entitled to qualified immunity. .........12

II.   Muma's complaint fails to include allegations stating a
      viable claim, warranting dismissal under Fed. R. Civ. P.
      12(b)(6)...........................................................................................16

III.  This Court should abstain from interfering with Muma's
      ongoing Gladwin County cases. .....................................................19

Conclusion and Relief Requested...........................................................22

# INDEX OF AUTHORITIES

Page

## Cases

*Abick v. Michigan,*
   803 F.2d 874 (6th Cir. 1986) ............................................................. 11

*Alabama v. Pugh,*
   438 U.S. 781 (1978) ...................................................................... 9, 10

*Alden v. Maine,*
   527 U.S. 706 (1999) ......................................................................... 10

*Ashcroft v. al-Kidd,*
   563 U.S. 731 (2011) ..................................................................... 13, 14

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................... 5, 6, 16, 17

*Barber v. Miller,*
   809 F.3d 840 (6th Cir. 2015) ............................................................ 15

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ..................................................................... 16, 17

*Brosseau v. Haugen,*
   543 U.S. 194 (2004) (per curiam) ..................................................... 13

*Carten v. Kent State Univ.,*
   282 F.3d 391 (6th Cir. 2002) ............................................................ 10

*Chapman v. City of Detroit,*
   808 F.2d 459 (6th Cir. 1986) .............................................................. 6

*Chevalier v. Estate of Barnhart,*
   803 F.3d 789 (6th Cir. 2015) ............................................................ 21

*Coeur d'Alene Tribe of Idaho,*
   521 U.S. 261 (1997) ......................................................................... 11

*Coles v. Granville,*
  448 F.3d 853 (6th Cir. 2006) ............................................................. 19

*District of Columbia v. Wesby,*
  138 S. Ct. 577 (2018) ........................................................................ 12

*Ex parte Young,*
  209 U.S. 123 (1908) .................................................................... 10, 11

*Haines v. Kerner,*
  404 U.S. 519 (1972) .......................................................................... 16

*Hernández v. Mesa,*
  137 S. Ct. 2003 (2017) (per curiam) ........................................... 12, 13

*Holloway v. Brush,*
  220 F.3d 767 (6th Cir. 2000) ............................................................... 7

*Hunter v. Bryant,*
  502 U.S. 224 (1991) (per curiam) ............................................... 12, 14

*Johnson v. Unknown Dellatifa,*
  357 F.3d 539 (6th Cir. 2004) ............................................................ 11

*Key v. Grayson,*
  179 F.3d 996 (6th Cir. 1999) ....................................................... 14, 16

*Langdon v. Skelding,*
  524 F. App'x 172 (6th Cir. 2013) ...................................................... 16

*Malley v. Briggs,*
  475 U.S. 335 (1986) .......................................................................... 14

*Med Corp., Inc. v. City of Lima,*
  296 F.3d 404 (6th Cir. 2002) ............................................................ 18

*Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users
  Ass'n. Inc.,*
  287 F.3d 568 (6th Cir. 2002) .............................................................. 5

*Moir v. Greater Cleveland Reg'l. Transit Auth.,*
  895 F.2d 266 (6th Cir. 1990) .............................................................. 5

*Moore v. Sims,*
    442 U.S. 415 (1979) ........................................................................ 20

*Muhammad v. Mich. Dep't of Human Servs.,*
    2012 WL 314002 (E.D. Mich. Jan. 6, 2012) ..................................... 18

*Mullenix v. Luna,*
    136 S. Ct. 305 (2015) (per curiam) .............................................. 12, 13

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984) .......................................................................... 10

*Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.,*
    640 F.3d 716 (6th Cir. 2011) ..................................................... passim

*Place v. Shepherd,*
    446 F.2d 1239 (6th Cir. 1971) ........................................................... 6

*Plumhoff v. Rickard,*
    572 U.S. 765 (2014) ......................................................................... 12

*Saucier v. Katz,*
    33 U.S. 194 (2001) ........................................................................... 12

*Scott v. Clay Cty.,*
    205 F.3d 867 (6th Cir. 2000) ............................................................ 17

*Smith v. Williams-Ash,*
    520 F.3d 596 (6th Cir. 2008) ............................................................ 16

*Taylor v. Barkes,*
    135 S. Ct. 2042 (2015) (per curiam) ................................................. 14

*Terrance v. Northville Regional Psychiatric Hosp.,*
    286 F.3d 834 (6th Cir. 2002) ............................................................. 6

*Turner v. Lowen,*
    823 F. App'x 311 (6th Cir. 2020) ................................................... 7, 8

*Verizon Md., Inc. v. Pub. Serv. Comm'n,*
    535 U.S. 635 (2002) ......................................................................... 11

iv

*Watts v. Burkhart,*
    854 F.2d 839 (6th Cir.1988) ............................................................ 20

*Wayne v. Village of Sebring,*
    36 F.3d 517 (6th Cir. 1994) ............................................................. 13

*Wells v. Brown,*
    891 F.2d 591 (6th Cir. 1989) ........................................................... 16

*White v. Pauley,*
    137 S. Ct. 548 (2017) (per curiam) ............................................. 12, 13

*Will v. Michigan State Police,*
    491 U.S. 58 (1985) .......................................................................... 11

*Younger v. Harris,*
    401 U.S. 37 (1971) ................................................................ 19, 20, 21

## Statutes

42 U.S.C. § 1983 ...................................................................... passim

Mich. Comp. Laws § 722.628 ......................................................... 15

Mich. Comp. Laws § 722.628d(1) ................................................... 15

Mich. Comp. Laws § 722.628d(2) ................................................... 15

## Rules

Fed. R. Civ. P. 12(b)(1) .................................................................... 5

Fed. R. Civ. P. 12(b)(6) .................................................................. 19

Fed. R. Civ. P. 4(l) ........................................................................... 3

v

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court dismiss all of Muma's claims against Defendants Kayla Kreuger and Alexis Evers ("State Defendants") because they are entitled to absolute immunity?

2. Should this Court dismiss Muma's claims because this Court lacks jurisdiction under the Eleventh Amendment?

3. Should this Court dismiss Muma's claims because State Defendants enjoy qualified immunity in their individual capacity?

4. Should this Court dismiss Muma's complaint because it fails to state a viable claim?

5. Should this Court abstain because Muma has ongoing proceedings in Gladwin County Circuit Court?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>*Authority*</u>:

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
*Pittman v. Cuyahoga Cty.*, 640 F.3d 716 (6th Cir. 2011).
*Holloway v. Brush*, 220 F.3d 767 (6th Cir. 2000).
*Turner v. Lowen*, 823 F. App'x 311 (6th Cir. 2020).
*Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986).
*Will v. Michigan State Police*, 491 U.S. 58 (1985).
*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).
*Alabama v. Pugh*, 438 U.S. 781 (1978).
*Alden v. Maine*, 527 U.S. 706 (1999).
*Ex parte Young*, 209 U.S. 123 (1908).
*District of Columbia v. Wesby*, 138 S. Ct. 577 (2018).
*Mullenix v. Luna*, 136 S. Ct. 305 (2015).
*White v. Pauly*, 137 S. Ct. 548 (2017).
*Barber v. Miller*, 809 F.3d 840 (6th Cir. 2015).
*Langdon v. Skelding*, 524 F. App'x 172 (6th Cir. 2013).
*Chevalier v. Estate of Barnhart*, 803 F.3d 789 (6th Cir. 2015).
*Younger v. Harris*, 401 U.S. 37 (1971).
*Coles v. Granville*, 448 F.3d 853 (6th Cir. 2006).

## INTRODUCTION

Plaintiff, Dane Christopher Muma ("Muma"), proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 against the Michigan Department of Health and Human Services ("MDHHS") employees, Kayla Kreuger and Alexis Evers (Collectively, "State Defendants")[1], alleging violations of his constitutional rights arising out of a Children's Protective Services ("CPS") investigation and related juvenile-court proceedings.  He also brings claims against the County of Gladwin.  Muma asserts that State Defendants conducted a biased investigation, failed to interview certain individuals, and allegedly made false statements in court-related reports concerning allegations of child abuse.

Even accepting Muma's allegations as true for purposes of this motion, his complaint fails because all claims are barred by immunity. CPS workers, who are employees of the State of Michigan, enjoy absolute immunity for testimony and for the preparation and

---

[1] CPS employees Kayla Kreuger and Alexis Evers are employed through the State of Michigan by the state agency MDHHS.  *See* https://www.michigan.gov/mdhhs/adult-child-serv/abuse-neglect/childrens (last accessed December 15, 2025.)

1

submission of sworn reports to the juvenile court.  All official capacity claims are barred by the Eleventh Amendment.  And State Defendants are entitled to qualified immunity in their individual capacities.

What is more, Muma's claims are subject to dismissal for multiple other reasons, including lack of subject-matter jurisdiction and failure to state a viable claim.  Accordingly, this matter should be dismissed under Rules 12(b)(1) and 12(b)(6).

## STATEMENT OF FACTS

The following facts are drawn from Muma's complaint and are accepted as true solely for the purpose of this motion.[2]

Muma is the father of four children.  (ECF No. 1., PageID.2, ¶8.)  On or about November 17, 2023, State Defendants, CPS caseworkers employed by MDHHS, were assigned to investigate allegations of physical abuse involving Muma and his minor children in Gladwin County.  (*Id.* at PageID.3, ¶¶ 10, 12–15.)  Muma asserts that a report submitted to CPS alleged that Plaintiff abused his children by "spanking with a belt, board, and horse whip."  (*Id.* at PageID.3, ¶ 13.)

Muma alleges that Kreuger failed to conduct an adequate investigation, exhibited bias, and made accusatory statements without evidence.  (*Id.* at PageID.3, ¶ 15.)  Muma further asserts that State Defendants "intentionally lied under oath" in court-related documents or proceedings, including statements that Muma abused his children and that he had substance-abuse issues.  (*Id.* at PageID.4, ¶ 15(a)(1).)  Muma claims that State Defendants failed to interview certain

---

[2] Muma has not filed proof of service as required by Fed. R. Civ. P. 4(l). Defendants do not waive, and expressly preserve, all defenses under Rules 12(b)(5) and 12(b)(2).

individuals whom he identifies as potential exculpatory witnesses and disregarded evidence favorable to him. (*Id.* at PageID.4, ¶ 15(b)–(c).).

Muma brings claims under 42 U.S.C. § 1983 against State Defendants in both their individual and official capacities. (*Id.* at PageID.1.) The complaint mentions that this action is brought under Fourth, Fifth, Sixth, and Fourteenth Amendments. (*Id.*) Muma also alleges he has been deprived of the rights of familial association, due process, and equal protection. (*Id.*) However, the complaint presents only the following specific claims:

- Count I – procedural due process the Fourteenth Amendment (Count I);

- Count II – substantive due process (family integrity) under the Fifth Amendment (Count II). (*Id.* at PageID.4.)

Muma seeks compensatory and punitive money damages, as well as injunctive relief related to Gladwin County only. (*Id.* at PageID.4–5.)

Finally, as a threshold matter, while the complaint references court proceedings in Gladwin County it is wholly unclear which case(s)

4

Muma's claims arise from.[3]  Thus, it is uncertain which aspects of those

proceedings Muma seeks to challenge in this action.

## STANDARD OF REVIEW

Rule 12(b)(1) allows for dismissal for lack of jurisdiction over the

subject matter.  Fed. R. Civ. P. 12(b)(1).  A party may assert lack of

subject matter jurisdiction at any time, either in a pleading or in a

motion.  Fed. R. Civ. P. 12(b)(1).  "Where subject matter jurisdiction is

challenged pursuant to 12(b)(1), the plaintiff has the burden of proving

jurisdiction in order to survive the motion."  *Michigan S. R.R. Co. v.*

*Branch & St. Joseph Counties Rail Users Ass'n. Inc.*, 287 F.3d 568, 573

(6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*,

895 F.2d 266, 269 (6th Cir. 1990)).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint

must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).  This "plausibility" review is "a context-specific task" that

requires the reviewing court to determine whether the plaintiff has not

---

[3] Gladwin County Case No. 24-012104-DM (divorce case); Gladwin
County Case No. 23-111-NA (neglect and abuse case); Gladwin County
Case No. 2025-0000012511-FH (criminal case).

just "alleged," but pleaded facts sufficient to "show[]," an entitlement to relief that is actually plausible, and not merely "conceivable" or "possible." *Id.* at 679–680. "[F]acts that are merely consistent with a defendant's liability" are not enough. *Id.* at 678. And in making this assessment, courts are only to consider facts that are truly well pleaded—they are not to take as true "legal conclusions," including when "couched as a factual allegation," nor "mere conclusory statements" or "naked assertions devoid of further factual enhancement." *Id.* at 678–679.

Further, courts have long held that it is not sufficient for § 1983 complaints to "contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). "Some factual basis for such claims must be set forth in the pleadings." *Id.* (citing *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971)). The Sixth Circuit has adopted the requirement that a plaintiff must allege "with particularity" what each defendant did to violate the plaintiff's constitutional rights. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

# ARGUMENT

## I.   Muma's claims should be dismissed because they are barred by immunity.

Muma's claims are brought under 42 U.S.C. § 1983.  It also appears that they are premised on allegations related to State Defendants' official duties as CPS workers.  Accordingly, these claims are barred by immunity and should be dismissed for all the reasons set forth below.

### A.   All claims are barred by absolute immunity.

Social workers performing functions "intimately associated with the judicial phase of the child-protection process" are entitled to absolute immunity.  *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 724–725 (6th Cir. 2011) (internal quotations omitted).  Moreover, this immunity applies not only to testimony, but also to the preparation, submission, and presentation of reports, petitions, and recommendations to the juvenile court.  *Holloway v. Brush*, 220 F.3d 767, 776 (6th Cir. 2000).  The Sixth Circuit has repeatedly emphasized that "the scope of immunity enjoyed by social workers is remarkably broad."  *Turner v. Lowen*, 823 F. App'x 311, 317 (6th Cir. 2020).

7

This immunity for CPS workers applies when the worker is "initiating court actions or testifying under oath." *Id.* at 775.  For example, "family service workers are absolutely immune from liability in filing a juvenile abuse petition, due to their quasi-prosecutorial function in the initiation of child abuse proceedings." *Pittman*, 640 F.3d at 724-25 (internal quotations omitted).

Also, consistent with this principle, the Sixth Circuit has held that CPS workers are absolutely immune from liability for preparing and submitting sworn reports, making evidentiary recommendations, and testifying under both in juvenile proceedings—even when the plaintiff alleges that such testimony or reports contained false or misleading statements.  *Id.* at 725–26; *see also Turner*, 823 F. App'x at 317 ("A social worker, for example, is absolutely immune not only from negligent misrepresentations to the court, but also knowing and intentional misrepresentations.")  (internal citations omitted).  As such, even intentional falsification of court reports is protected conduct under the doctrine of absolute immunity.

Here, Muma appears to challenge State Defendants' testimony and alleges they made false sworn statements and court submissions to

8

the Juvenile Dependency Court.  (ECF No.1, PageID.1, ¶ 2.)  Muma also vaguely alleges that State Defendants failed to conduct an impartial investigation, intentionally lied under oath, failed to interview relevant witnesses, and disregarded exculpatory evidence.  (*Id.* at PageID.4, ¶ 14–15.)  These allegations arise directly from sworn statements, court reports, and conduct intimately connected to juvenile-court proceedings. They are precisely the functions for which absolute immunity applies. Therefore, Muma's claims must be dismissed.

### B.   The Eleventh Amendment bars Muma's claims against State Defendants in their official capacities.

Muma is suing State Defendants in their official capacities and has brought claims pursuant to 42 U.S.C. § 1983.  To be clear, State Defendants are employed by the State of Michigan through MDHHS— they are *not* employed by the County of Gladwin.  The United States Constitution, Amendment XI, provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment to the United States Constitution prevents a state from being sued in federal court without its consent. *Alabama v. Pugh,* 438 U.S. 781, 782 (1978).  An unconsenting state is

9

immune from lawsuits brought in federal court by its own citizens, as well as by citizens of another state. *Alden v. Maine*, 527 U.S. 706, 712–713 (1999).  The Eleventh Amendment is a constitutional restriction on the federal judicial power "based in large part on 'the problems of federalism inherent in making one sovereign appear against its will in the courts of the other.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

The U.S. Supreme Court has consistently ruled that the Eleventh Amendment is a bar to lawsuits against states, state agencies or state departments unless specifically overridden by an act of Congress, or unless the state has consented to be sued.  *Id.*; *Pugh,* 438 U.S. at 782.  A suit against a State, a state agency or its department, or a state official is in fact a suit against the State and is barred "regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100-02 (citations omitted).

Eleventh Amendment immunity is subject to three exceptions:  (1) congressional abrogation; (2) waiver by the State; and (3) "a suit against a state official seeking prospective injunctive relief to end a continuing violation of federal law." *See Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

10

Congress did not abrogate the States' sovereign immunity when it enacted 42 U.S.C. § 1983.  *Will v. Michigan State Police*, 491 U.S. 58, 66 (1985).  Also, the State of Michigan has not waived its immunity. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)).

Here, Muma's claims against State Defendants in their official capacity do not fall within the exceptions rising from the Supreme Court's decision in *Ex parte Young*, 209 U.S. 123 (1908).  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (quoting *Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)).  Muma is suing State Defendants in their official capacities seeking only money damages.  (ECF No. 1, PageID.3, ¶ 10.)  Thus, all official-capacity claims are barred by immunity.

## C.     State Defendants are entitled to qualified immunity.

Muma's claims brought against State Defendants in their
individual capacities are similarly barred by immunity.  This is because
qualified immunity protects government officers from liability under §
1983 if they:  (1) have not "violated a federal statutory or constitutional
right" (2) that was "clearly established at the time."  *See District of
Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018); *Mullenix v. Luna*, 136 S.
Ct. 305, 308 (2015) (per curiam).  The existence of the right must be
"settled" and "beyond debate."  *Wesby*, 138 S. Ct. at 589 (internal
quotations omitted) (citing *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)
(per curiam)); *White v. Pauley*, 137 S. Ct. 548, 552 (2017) (per curiam)
(quoting *Mullenix*, 136 S. Ct. at 308) (plaintiffs must demonstrate that
there is case law that puts the "statutory or constitutional question
beyond debate.")

A right is clearly established if "it would be clear to a reasonable
officer that his conduct was unlawful in the [particular] situation he
confronted."  *Hernández v. Mesa*, 137 S. Ct. 2003, 2007 (2017) (per
curiam) (quoting *Saucier v. Katz*, 33 U.S. 194, 202 (2001)); *see also
Wesby*, 138 S. Ct. at 589; *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014)

(describing clearly established right as one that is "sufficiently definite that any reasonable official… would have understood that he was violating it.")  Accordingly, only the facts known or "knowable" to the officer in the moment may be considered when evaluating immunity. *Hernández*, 137 S. Ct. at 2007 (citing *White*, 137 S. Ct. at 550).  This analysis must be "particularized" and not framed in broad or high-level terms.  *White*, 137 S. Ct. at 552 (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)); *see also Mullenix*, 136 S. Ct. at 308 ("The dispositive question is whether the violative nature of particular conduct is clearly established.").  In other words, unless a prior relevant case "squarely governs" an officer's conduct, qualified immunity prevents liability from attaching.  *See Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (per curiam).  To find that a clearly established right exists, "the district court must find binding precedent by the Supreme Court, [the Sixth Circuit], the highest court in the state in which the action arose, or itself, so holding."  *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994).  Moreover, it is not up to State Defendants to prove that the law was not clearly established.  Rather, "[t]he burden of convincing a

13

court that the law was clearly established rests squarely with the plaintiff." *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999).

Put simply, "qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *See Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (per curiam) (quoting *Ashcroft*, 563 U.S. at 743); *see also Hunter*, 502 U.S. at 229 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)) ("The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'").

Here, Muma brings claims under 42 U.S.C. § 1983 alleging that State Defendants violated his constitutional rights. And even if the Court finds that Muma alleges sufficient factual allegations to state a violation of his constitutional rights, State Defendants remain shielded from liability because the purported rights that Muma claims were violated were not clearly established during the time frame stated in Plaintiff's Complaint. As alleged, State Defendants were acting in their official capacity as CPS workers at the time they investigated and interviewed Muma regarding suspected child abuse. And there simply is no caselaw from the Supreme Court, the Sixth Circuit, the Michigan

14

Supreme Court, or this judicial district that establishes: (1) the Due

Process Clause bars CPS investigations against parents or requires

CPS investigations[4] to be conducted in a manner the parent desires; (2)

the Due Process Clause bars CPS workers from interviewing parents; or

(3) that the Fifth and Fourteenth Amendments or any other federal law

prohibits CPS workers from later testifying in criminal proceedings. To

the contrary, the Sixth Circuit has explained in several cases, there is

not "a constitutional right to be free from child abuse investigations."

*Barber v. Miller*, 809 F.3d 840, 847 (6th Cir. 2015). Furthermore, the

Sixth Circuit has explained that a mere investigation into child abuse

allegations is not an infringement of a right. *Id.* CPS workers are

statutorily required to investigate reports of neglect and abuse. *See*

Mich. Comp. Laws § 722.628. The manner in which child abuse and

---

[4] To the extent Muma seeks to challenge the accuracy, adequacy, or validity of a CPS investigative report itself, his claim is not cognizable because he has not exhausted the administrative remedies provided by the Michigan Department of Health and Human Services. Michigan law requires a parent to pursue the statutory administrative grievance and review procedures—including requesting an administrative hearing or appeal—before seeking judicial review of a CPS investigative finding. *See* Mich. Comp. Laws § 722.628d(1)–(2). Muma alleges no facts demonstrating that he pursued or exhausted these mandatory administrative remedies.

neglect investigations are conducted are clear discretionary acts and accordingly do not create any protected liberty interests giving rise to procedural due process claims. *Langdon v. Skelding*, 524 F. App'x 172, 177–78 (6th Cir. 2013); *see also Smith v. Williams-Ash*, 520 F.3d 596 (6th Cir. 2008) (reiterating that CPS workers conducting investigations in good faith are protected). Unless Muma can identify precedent of a clearly established right at the time (which he cannot), the State Defendants are each entitled to qualified immunity. *See Key*, 179 F.3d at 1000.

## II. Muma's complaint fails to include allegations stating a viable claim, warranting dismissal under Fed. R. Civ. P. 12(b)(6).

Although pro se pleadings are construed liberally, courts are not required to speculate about unstated claims or accept bare legal conclusions. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To survive dismissal, a complaint must contain factual matter that, accepted as true, states a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Labels, conclusions, and formulaic recitations of elements do not suffice.

16

Here, Muma's complaint falls far short of this standard. His allegations against the State Defendants consist only of vague assertions that they failed to conduct an impartial investigation, exhibited bias, made unfounded accusatory statements, and lied or disregarded evidence. Such allegations—without factual detail—are precisely the type rejected under *Twombly* and *Iqbal*. Moreover, the Sixth Circuit has held that even biased or imperfect CPS investigations do not, without more, establish a constitutional violation. *Pittman*, 640 F.3d at 725. Muma also does not allege that the State Defendants caused any loss of custody.

To the extent Muma invokes the Fourth Amendment, Fifth Amendment, Sixth Amendment, or Equal Protection Clause, those claims also fail. He alleges no facts suggesting an unreasonable search or seizure, disparate treatment, selective enforcement, or membership in a protected class. And the Fifth Amendment does not apply to state agencies or officials. *Scott v. Clay Cty.*, 205 F.3d 867, 873 (6th Cir. 2000). Accordingly, any such claims must be dismissed.

Further, while Muma's complaint is styled as a § 1983 action, it appears he is primarily simply dissatisfied with the outcome of related

17

state domestic relations proceeding.  Court records indicate that any

custody determinations were made by court order—not by the State

Defendants.  (Ex. A, Muma Judgment of Divorce.)  A due process claim

requires a deprivation caused by the state without adequate process.

*Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002).

Muma therefore cannot state a viable procedural or substantive due

process claim.

Finally, although the Supreme Court recognizes a substantive due

process right to familial association, the government may not be held

liable absent conduct that actually deprives a parent of custody in a

manner that shocks the conscience or is not justified by a compelling

purpose.  *Pittman*, 640 F.3d at 729.  Allegations concerning the manner

in which a CPS worker conducted an investigation—even if flawed—do

not constitute such a deprivation.  *Muhammad v. Mich. Dep't of Human

Servs.*, 2012 WL 314002, at *3 (E.D. Mich. Jan. 6, 2012) (attached

hereto as Ex. B) (finding that "allegations pertain to the manner in

which [the CPS defendant] conducted her investigation" did not create

"a deprivation of custody and control that constitutes a substantive due

process violation").  Because any custody modification affecting Muma

18

resulted from a judicial order—not from the conduct of the State

Defendants—his substantive due process claim fails as a matter of law.

For all these reasons, the complaint contains no well-pleaded facts

establishing a constitutional violation, and dismissal under Fed. R. Civ.

P. 12(b)(6) is warranted.

## III. This Court should abstain from interfering with Muma's ongoing Gladwin County cases.

As noted above, it is unclear from the complaint which state-court

legal proceedings Muma's claims originate from.  For this reason,

consideration of Muma's due process claims may be improper based on

the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 43 (1971).

Under the *Younger* abstention doctrine, abstention is proper in federal

court when:  (1) there is an ongoing state court proceeding; (2) the

proceeding implicates important state interests; and (3) the plaintiff has

an adequate opportunity to present the federal claims in the state

proceeding.  *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). The

Sixth Circuit in *Coles* added:

> *Younger* abstention is built upon common sense in the
> administration of a dual state-federal system of justice.
> When a person is the target of an ongoing state action
> involving important state interests, a party cannot interfere
> with the pending state action by maintaining a parallel

19

federal action involving claims that could have been raised
in the state case.  If the state party files such a case,
*Younger* abstention requires the federal court to defer to the
state proceeding.

*Id.* at 865-66 (citing *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th

Cir.1988)).

Here, all three requirements of *Younger* are satisfied.  First,

Muma is subject to ongoing criminal proceedings in Gladwin County

Circuit Court.  (Ex. C, Gladwin County Case No. 25-12511-FH, Register

of Actions.)  He has been charged with domestic violence and assault,

and a jury trial is scheduled to begin on January 14, 2026.  (*Id.*)  And,

upon information and belief, Muma's child neglect and abuse case

(Gladwin County Case No. 23-111-NA) also remains open.

Second, these proceedings implicate important and traditional

state interests, including the protection of children, the enforcement of

criminal laws, and the administration of family and juvenile courts—

areas in which federal courts are particularly hesitant to intervene.

*Moore v. Sims*, 442 U.S. 415, 435 (1979).

Third, Muma has a full and fair opportunity to raise any federal

constitutional concerns during those ongoing proceedings.  And to the

extent Muma's claims challenge the conduct of CPS workers within

20

ongoing neglect and abuse or custody-related proceedings, those claims fall squarely within the principles underlying the domestic-relations exception and reinforce the propriety of *Younger* abstention. Federal courts do not sit as appellate tribunals over state family-court proceedings, nor may they adjudicate claims that would effectively second-guess or interfere with state court determinations concerning child welfare and parental rights. *Pittman*, 640 F.3d at 729; *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 792–93 (6th Cir. 2015).

Because Muma's alleged injuries arise from, and are inextricably intertwined with, ongoing state criminal and child-protective proceedings, this Court should abstain from exercising jurisdiction under *Younger*.

21

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, State Defendants respectfully request that the Court dismiss Muma's claims in their entirety with prejudice and grant any such other relief as the Court deems just and appropriate.

Respectfully submitted,


*/s/ Melissa L. Bianchi*
Melissa L. Bianchi (P87474)
Bryan W. Beach (P69681)
Assistant Attorneys General
Attorneys for State Defendants
MI Dep't of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909

Dated:  December 16, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, I electronically filed

the above document(s) with the Clerk of the Court using the ECF

System and mailed a copy to the Pro Se Plaintiff, Dane Christopher

Muma, at the following address with postage fully pre-paid:

Dane Christopher Muma
Plaintiff Pro Se
PO Box 633
Gladwin, MI 48624

*/s/ Melissa L. Bianchi*
Melissa L. Bianchi (P87474)
Attorney for State Defendants

23