UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Dane-Christopher: Muma

Plaintiff(s),

vs.

Gladwin, County of, et al,
Kayla Kreuger
Alexis Evers    Defendant(s).

Case No. 1:25-cv-13545-TLL-PTM

Judge Thomas L. Ludington

Magistrate Judge Patricia T. Morris

## TITLE OF DOCUMENT

Document Text

Date: 12/29/2025

Dane-Christopher: Muma
Signature of Filer

Dane-Christopher: Muma
Printed Name

P.O. Box 633
Street Address

Gladwin Michigan [48624]
City, State, Zip Code

989-429-0920
Telephone Number

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANE CHRISTOPHER MUMA, | Case No.: 1:25-cv-13545-TLL-PTM |
| Plaintiff, | HON. THOMAS L. LUDINGTON |
| v. | MAG. PATRICIA T. MORRIS |
| County of Gladwin, et al. | |
| Defendants. | |

| | |
|---|---|
| Dane Christopher Muma<br>Plaintiff Pro Se<br>PO Box 633<br>Gladwin, MI 48624 | Melissa L. Bianchi (P87474)<br>Bryan W. Beach (P69681)<br>Assistant Attorneys General<br>Attorneys for State Defendants<br>MI Dep't of Attorney General<br>Health, Education & Family<br>Services Division<br>P.O. Box 30758<br>Lansing, MI 48909<br>(517) 335-7603<br>BianchiM3@michigan.gov<br>BeachB@michigan.gov |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) (JURY TRIAL DEMANDED)**

### I.   INTRODUCTION

1. Plaintiff Dane Christopher Muma ("Plaintiff") brings this action under 42 U.S.C. § 1983 for damages and declaratory relief to redress violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments. Plaintiff alleges, among other things: (a) seizure and detention based on warrants and extradition

processes that were facially invalid and/or unsupported by probable cause; (b) denial of prompt presentment and meaningful judicial review; (c) excessive bail and unconstitutional conditions of release; (d) warrantless and non-exigent interference with Plaintiff's fundamental parent-child relationship; and (e) retaliation against Plaintiff for protected speech during court-ordered parenting time.

2. Plaintiff expressly does not seek appellate-style review of any state-court judgment. Plaintiff seeks damages for completed constitutional torts and, to the extent declaratory relief is granted, relief that does not require this Court to enjoin or supervise ongoing state proceedings.

3. Plaintiff sues Defendants Kayla Kreuger and Alexis Evers solely in their individual capacities and bases his claims on non-testimonial investigative and enforcement conduct, not on their courtroom testimony or the act of filing a juvenile petition, to the extent such acts are protected by absolute immunity.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343.

5. This Court has supplemental jurisdiction over related state-law claims, if any are pled, under 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in Gladwin County, Michigan.

## III. PARTIES

7. Plaintiff is a resident of Gladwin County, Michigan. Plaintiff is the father of four minor children: Asher, Malachi, Elijah, and Ariella (collectively, the "Children").

8. Defendant County of Gladwin ("Gladwin County") is a Michigan municipal entity responsible for the policies, practices, and customs of its

departments, including the Gladwin County Sheriff's Office and the Gladwin County Jail.

9. Defendant Gladwin County Sheriff's Office ("GCSO") is alleged as the law-enforcement agency whose deputies, jail staff, and agents acted under color of state law as described herein. To the extent Michigan law requires suit against the County rather than the Sheriff's Office as a separate entity, GCSO is pled alternatively and may be conformed to proof.

10. Defendant Kayla Kreuger ("Kreuger") was, at all relevant times, a CPS worker employed by the Michigan Department of Health and Human Services ("MDHHS") and assigned to investigate allegations concerning Plaintiff and the Children in Gladwin County. Kreuger is sued in her individual capacity.

11. Defendant Alexis Evers ("Evers") was, at all relevant times, a CPS worker employed by MDHHS who assumed case-management responsibilities relating to Plaintiff and the Children. Evers is sued in her individual capacity.

12. Defendants and DOES 1–25 are individuals whose identities are currently unknown to Plaintiff and who allegedly participated in, directed, approved, ratified, or failed to stop the unconstitutional conduct alleged herein. Plaintiff will amend this Complaint to substitute true names if/when discovered.

### IV. FACTUAL ALLEGATIONS

13. On or about October 29, 2023, a domestic dispute was reported in Gladwin County, Michigan. Plaintiff denies the allegations and has consistently demanded timely, fair proceedings and a jury trial.

14. On or about November 17, 2023, CPS opened an investigation in Gladwin County relating to Plaintiff and the Children.

15 In or about late 2023, Plaintiff was seized in Dooly County, Georgia on a Michigan warrant that, on information and belief, was facially deficient and reopening to challenge; Plaintiff was denied a prompt judicial determination of probable cause and meaningful review of the basis for his seizure affidavit.

Plaintiff's residence/camper was surrounded by a tactical team, and Plaintiff was forcibly removed during the arrest.

16. While detained in Georgia, Plaintiff repeatedly requested prompt presentment to a neutral magistrate for meaningful review of the warrant and his detention. Plaintiff was not promptly brought before a magistrate for such review.

17. Instead, several days into the Georgia detention, Plaintiff was presented with an extradition waiver during a remote appearance conducted via cellphone, without a certified court reporter. Plaintiff was threatened with prolonged confinement (approximately 90 days) if he refused to sign. Under coercion and duress, Plaintiff signed the waiver.

18. Gladwin County procured and arranged Plaintiff's transport to Michigan. Plaintiff was shackled and transported approximately 985 miles over roughly sixteen hours with minimal food and humane accommodations.

19. Upon arrival at the Gladwin County Jail, Plaintiff was presented with additional warrants/charges for domestic violence and child abuse. Plaintiff again demanded immediate appearance before a neutral magistrate and prompt judicial review. He was not immediately presented for meaningful review and remained detained until arraignment.

20. At arraignment before Magistrate Aaron Fortier, the prosecutor requested two bonds of $80,000 each, totaling approximately $160,000. Plaintiff objected that the total bond was excessive and unsupported by individualized findings. Plaintiff further requested reasonable conditions and meaningful review; those requests were denied or not meaningfully addressed.

21. Plaintiff was released only after posting a percentage of the bond and accepting restrictive bond conditions including electronic monitoring and geographic exclusions, including restrictions impacting access to his home and his Children's school.

22. Plaintiff was required to pay recurring fees for electronic monitoring (approximately $300 per month). These fees were imposed as a condition of liberty without meaningful ability-to-pay consideration and without an adequate process to contest the imposition or amount.

23. Shortly after Plaintiff's return to Michigan and confinement in the Gladwin County Jail, Kreuger presented Plaintiff with, and/or caused to be filed and served, paperwork seeking removal of the Children from Plaintiff and restriction of contact.

24. Plaintiff requested to see the Children. Contact and visitation were denied.

25. Without obtaining parental consent, and without a warrant, court order, or exigent circumstances, Kreuger caused or participated in removing the Children from their classrooms for questioning about alleged incidents between their parents. Kreuger further caused or participated in arranging and conducting "forensic interviews" of the Children at a government-selected setting.

26. These actions constituted seizures and/or unreasonable intrusions into the parent-child relationship and were undertaken without constitutionally sufficient cause, process, or exigency.

27. In the ensuing child-protective proceedings, Plaintiff alleges he was not provided counsel at the outset and was compelled to proceed unrepresented while the State presented evidence. Plaintiff requested counsel and fair process; those requests were delayed and/or denied.

28. Plaintiff alleges the dependency case was not brought to trial within 182 days as required by Michigan Compiled Laws section 712A.19, prolonging separation and restrictions without timely adjudication.

29. After months of separation, supervised parenting time was ordered for one hour per week. Plaintiff attended consistently, brought food and water, and engaged in age-appropriate educational and faith-based activities with the Children.

30. During the ninth supervised visit, Evers told Plaintiff he could not speak to the Children about the U.S. Constitution or "constitutional rights." Plaintiff responded that he had a First Amendment right to speak and, as a parent, could teach his Children civics.

31. Evers repeated the directive and ordered Plaintiff to leave the visit early. Evers then contacted a supervising MDHHS director, Brian Millikin, to address Plaintiff's refusal to refrain from constitution-related speech.

32. Thereafter, CPS counsel sought an *ex parte* order suspending Plaintiff's parenting time on the asserted basis that Plaintiff's speech hindered the Children's "mental well-being." The *ex parte* order was granted, resulting in the suspension of Plaintiff's contact with the Children without meaningful pre-deprivation process.

33. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of liberty, severe emotional distress, financial harm (including monitoring fees), and prolonged deprivation of the companionship, care, and custody of his Children.

## V. CLAIMS FOR RELIEF

**COUNT I : 42 U.S.C. § 1983 (Fourth and Fourteenth Amendments)**

**Unreasonable Seizure, Unlawful Detention, Delayed Presentment**

(Against Defendants Gladwin County, GCSO, and DOES 1–10)

34. Plaintiff incorporates by reference Paragraphs 1 through 33 as though fully set forth herein.

35. Defendants, acting under color of state law, caused Plaintiff to be seized and detained through facially invalid and/or unsupported warrant and extradition processes and by delaying meaningful judicial review and prompt presentment to a neutral magistrate.

36. Defendants' acts and omissions violated Plaintiff's rights under the Fourth and Fourteenth Amendments, including the right to be free from unreasonable seizures and the right to a prompt judicial determination of probable cause.

37. Plaintiff suffered damages as alleged herein.

## COUNT II: 42 U.S.C. § 1983 (Eighth and Fourteenth Amendments)
## Excessive Bail and Unconstitutional Conditions of Release

(Against Defendants Gladwin County, GCSO, and DOES 11–15)

38. Plaintiff incorporates by reference Paragraphs 1 through 37.

39. Defendants imposed and enforced bail and release conditions that were excessive, punitive, and not supported by individualized findings, including a combined bond amount of approximately $160,000 and mandatory electronic monitoring with recurring fees as a condition of liberty.

40. Defendants failed to provide constitutionally adequate procedures to contest the bail amount and the imposition of monitoring fees, including meaningful ability-to-pay consideration, in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

41. Plaintiff suffered damages as alleged herein.

## COUNT III: 42 U.S.C. § 1983 (Fourteenth Amendment)
## Procedural Due Process: Familial Association & Parent-Child Relationship

(Against Defendants Kreuger, Evers, and DOES 16–20)

42. Plaintiff incorporates by reference Paragraphs 1 through 41.

43. Plaintiff has a fundamental liberty interest in the care, custody, companionship, and management of his Children, protected by the Fourteenth Amendment.

44. Kreuger and Evers, acting under color of state law, deprived Plaintiff of this protected liberty interest without constitutionally adequate process, including by: (a) causing or participating in removing the Children from classrooms for questioning and arranging forensic interviews without a warrant, court order, or exigent circumstances; (b) causing or prolonging restrictions on contact without providing timely and meaningful notice and a meaningful

opportunity to be heard; and (c) supporting continuation of restrictions without timely adjudication, thereby prolonging separation.

45. These acts and omissions violated procedural due process. This Count is based on non-testimonial investigative and enforcement conduct and not on courtroom testimony or the act of filing a juvenile petition, to the extent such acts are protected by absolute immunity.

46. Plaintiff suffered damages as alleged herein.

## COUNT IV: 42 U.S.C. § 1983 (First and Fourteenth Amendments)
## Retaliation for Protected Speech
(Against Defendants Evers and DOES 21–25)

47. Plaintiff incorporates by reference Paragraphs 1 through 46.

48. Plaintiff engaged in protected speech when he discussed civics and constitutional principles with the Children during court-ordered supervised parenting time.

49. Defendant Evers and/or other CPS personnel took adverse action by terminating the visit early and then seeking, supporting, or enforcing an *ex parte* suspension of Plaintiff's parenting time because of Plaintiff's protected speech, and not because of any imminent safety threat.

50. Defendants' actions would chill a person of ordinary firmness from engaging in similar protected speech and were not narrowly tailored to serve a compelling state interest.

51. Plaintiff suffered damages as alleged herein.

## COUNT V: 42 U.S.C. § 1983 (Monell)
## Municipal Liability
(Against Defendant Gladwin County)

52. Plaintiff incorporates by reference Paragraphs 1 through 51.

53. Gladwin County maintained, enforced, or tolerated policies, practices, and customs that were the moving force behind the constitutional violations alleged

herein, including policies or customs of: (a) procuring arrests, extradition, and detaining arrestees without prompt presentment and meaningful judicial review; (b) requesting or imposing excessive bail without adequate individualized findings; and (c) imposing electronic monitoring and associated fees without constitutionally adequate procedures.

54. Gladwin County's failure to train, supervise, and discipline its personnel regarding these constitutional requirements amounted to deliberate indifference to the rights of persons with whom those personnel come into contact.

55. As a direct and proximate result, Gladwin County is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

1, For compensatory damages according to proof;

2. For punitive damages against the individual Defendants (to the extent permitted by law);

3. For declaratory relief that the challenged acts and omissions violated Plaintiff's constitutional rights, to the extent such relief does not require this Court to review or enjoin state-court judgments or proceedings;

4. For pre-judgment and post-judgment interest as allowed by law;

5. For reasonable attorney's fees and costs under 42 U.S.C. § 1988;

6. For such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

DATED: December 31, 2025

_____
DANE CHRISTOPHER MUMA
Plaintiff, Pro Se