UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANE CHRISTOPHER MUMA,                    Case No. 1:25-cv-13545

           *Plaintiff,*                   Thomas L. Ludington
                                          United States District Judge
*v.*

COUNTY OF GLADWIN, et al.,                Patricia T. Morris
                                          United States Magistrate Judge

           *Defendants.*
_____/

**REPORT AND RECOMMENDATION
TO DENY AS MOOT DEFENDANTS KAYLA KREUGER AND ALEXIS
EVERS' MOTION TO DISMISS (ECF No. 10) AND GRANT THEIR
MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 13)**

I.    **RECOMMENDATION**

       For the following reasons, **IT IS RECOMMENDED** that the Court **DENY**

**AS MOOT** Defendants Kayla Kreuger and Alexis Evers' motion to dismiss (ECF

No. 10) and **GRANT** their motion to dismiss Plaintiff's first amended complaint

(ECF No. 13).  If the above recommendations are adopted, Counts III and IV of the

complaint and Defendants Kreuger and Evers would be dismissed from this case.

1

II.    <u>**REPORT**</u>

A.    **Background**

Plaintiff filed a complaint against Gladwin County,[1] Kreuger, Evers, and Does 1–10 on November 7, 2025, alleging deprivation of his right to familial integrity based on Kreuger's and Evers' "false statements under penalty of perjury in court reports submitted to the Juvenile Dependency Court."  (ECF No. 1, PageID.1). Defendants Kreuger and Evers are social workers employed by the Michigan Department of Health and Human Services Child Protective Services (CPS).  (*Id.* at PageID.3).  Plaintiff alleged Kreuger was assigned as a caseworker to investigate allegations of child abuse made against him in a CPS report.  (*Id.*).  Plaintiff alleged Defendants exhibited a clear bias against him during these proceedings when they made accusations against him without evidence, failed to interview relevant witnesses, and disregarded exculpatory evidence.  (*Id.* at PageID.3–4).

Defendants Krueger and Evers filed a motion to dismiss the complaint in its entirety, based on immunity, failure to state a claim, and abstention.  (ECF No. 10). Defendants attached a relevant Gladwin County Circuit Court order and docket. (*See* ECF No. 10-2, 10-4).  In response, Plaintiff filed a first amended complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).  (ECF No. 12).  Plaintiff

---

[1] As explained in the Undersigned's February 20, 2026 order, Gladwin County has not yet been served.  (ECF No. 15).

explained he "does not seek appellate-style review of any state-court judgment. Plaintiff seeks damages for completed constitutional torts and, to the extent declaratory relief is granted, relief that does not require this Court to enjoin or supervise ongoing state proceedings." (*Id.* at PageID.104).  He amended his complaint to sue Defendants Kreuger and Evers solely in their individual capacities based "on non-testimonial investigative and enforcement conduct, not on their courtroom testimony or the act of filing a juvenile petition." (*Id.* at PageID.104, 110).  Defendants Kreuger and Evers have since filed a motion to dismiss the amended complaint (ECF No. 13), to which Plaintiff did not respond.  Further facts will be discussed below as necessary.

### B.    Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint regarding whether it states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When deciding a motion under this subsection, a "court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle [him] to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  A complaint must be dismissed pursuant to Rule 12(b)(6) if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).

Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Additionally, when an action is brought under a civil rights statute, the Court must scrutinize a motion to dismiss with special care. *Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 889 (6th Cir. 2025).

The court need not accept as true legal conclusions or unwarranted factual inferences contained in the complaint. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). For the purposes of a motion to dismiss, if two opposing inferences can plausibly be drawn from the alleged facts, the Court's obligation is to construe the complaint in the light most favorable to the plaintiff and accept his or her inference as true. *Sutton v. Metro. Gov't of Nashville & Davidson Cnty.*, 700 F.3d 865, 873 (6th Cir. 2012).

Further, although a court primarily considers the factual allegations contained in the complaint, "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). The Sixth Circuit has specifically "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997).

Moreover, when a plaintiff proceeds without counsel, a court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements, and the Court need not conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Finally, "[t]o plausibly state a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Whitacre v. Adult Parole Auth.*, No. 23-cv-3625, 2024 WL 4750214,

5

at *2 (S.D. Ohio Nov. 12, 2024) (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008)).

## C.     Motions to Dismiss

As a preliminary matter, the first motion to dismiss (ECF No. 10) should be denied as moot.  "Because amended complaints supersede the original pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss moot."  *Yates v. Applied Performance Tech., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio Jan. 14, 2022).

That said, Plaintiff's first amended complaint fails to correct the deficiencies in his initial complaint.  In his first amended complaint, Plaintiff alleges Defendants[2] violated his Fourteenth Amendment right to familial association when they deprived him of that right without due process by

> (a) causing or participating in removing the Children from classrooms for questioning and arranging forensic interviews without a warrant, court order, or exigent circumstances; (b) causing or prolonging restrictions on contact without providing timely and meaningful notice and a meaningful opportunity to be heard; and (c) supporting continuation of restrictions without timely adjudication, thereby prolonging separation.

(ECF No. 12, PageID.109–10).

Specifically, Plaintiff alleges a domestic dispute was reported in Gladwin

---

[2] The motion to dismiss was brought by Defendants Kreuger and Evers only and the Undersigned will hereinafter refer to them collectively as Defendants.

County on October 29, 2023, which he disputes the facts of (but does not give further information about). (*Id.* at PageID.105). Thereafter, CPS opened an investigation relating to Plaintiff and his children. (*Id.*). He was then arrested in Georgia on a Michigan warrant and extradited to Michigan on charges of domestic violence and child abuse. (*Id.* at PageID.105–06). Krueger then "caused to be filed" unspecified "paperwork seeking removal of the Children from Plaintiff and restriction of contact." (*Id.* at PageID.107). He was denied contact and visitation with the children, but he does not explain who denied contact and visitation or how. (*Id.*). Plaintiff then alleges that without consent, a warrant, or court order, Kreuger removed the children from their classrooms for questioning about alleged incidents of child abuse and arranged for forensic interviews. (*Id.*). He argues these actions constituted seizures or unreasonable intrusions into the parent-child relationship.

The Undersigned agrees with Defendants that Plaintiff has not pleaded sufficient facts to state a plausible claim. It is clear from Plaintiff's allegations— even taken in the light most favorable to him—that Defendants were engaged in an investigation and supervision pursuant to a CPS petition seeking removal of his children. This inference is supported by Plaintiff's allegations that (1) CPS opened an investigation relating to Plaintiff and his children; (2) he has been criminally charged with domestic violence and child abuse; (3) Defendants filed "paperwork" seeking removal of his children; (4) contact and visitation with his children "were

denied"; (5) Defendants interviewed the children about "alleged incidents between their parents"; (6) his "dependency case" was not brought to trial within a specified time period; (7) supervised parenting time was later ordered by a court; (8) another order was entered suspending his supervised parenting time; (9) his acknowledgment of Defendants' "courtroom testimony [and] the act of filing a juvenile petition"; and (10) his acknowledgment that Defendants are CPS workers "assigned to investigate allegations concerning Plaintiff and the Children." (*Id.* at PageID.104–10).[3]

Plaintiff tries to avoid this conclusion and plead around these facts with bare, generalized statements including that Defendants "caused," "supported," or "participated in" constitutional violations. These conclusory allegations are not enough to show Plaintiff's claims are plausible. *Twombly*, 550 U.S. at 555. Without further detail, the only inference that can be made is that Defendants were engaged in lawful conduct pursuant to an active CPS investigation and ongoing abuse and neglect proceedings when they removed Plaintiff's children from him. For this reason alone, Defendants' motion may be granted and Plaintiff's claims against them dismissed.

---

[3] This inference is also supported by a matter of public record of which the Court may take judicial notice. Plaintiff's judgment of divorce from the Gladwin County Circuit Court, which Defendants attached to their first motion to dismiss, shows that parenting time for Plaintiff had been "suspended for all minor children" in an ongoing abuse and neglect case. (ECF No. 10-2, PageID.64).

However, even if the Court disagrees, Plaintiff's claims could also be dismissed for other reasons.  First, Defendants' removal of Plaintiff's children from their classrooms for forensic interviews is not a deprivation of *Plaintiff's* constitutional rights, and even so, Defendants enjoy immunity for these acts.  The Sixth Circuit "has explained that mere investigation by authorities into child abuse allegations without more does not infringe upon a parent's right to custody or control of a child.  Indeed, the right to family integrity clearly does not include a constitutional right to be free from child abuse investigations."  *Barber v. Miller*, 809 F.3d 840, 847 (6th Cir. 2015) (citation modified).  The *Barber* court therefore rejected the plaintiff's contention that interviewing his children at school violated his clearly established rights.  *Id.*  Accordingly, Defendants' interviews, standing alone, are not enough to show a constitutional violation.

Moreover, any later removal of the children was pursuant to a court order, not by decision of either Defendant.  *Id.* at 848 ("Barber may fault only the family court—and not [the social worker]—for any due process deprivation [resulting in removal pursuant to a court order].");  *Pittman v. Cuyahoga Cnty. Dep't of Children & Fam. Servs.*, 640 F.3d 716, 729 (6th Cir. 2011).  Plaintiff does not contend Defendants removed his children from his custody without a court order, nor that any of their conduct "shock[s] the conscience."  *Bambach v. Moegle*, 92 F.4th 615, 624–25 (6th Cir. 2024).  Plaintiff has thus failed to state a claim under the Fourteenth

Amendment (either for procedural or substantive due process violations) and Count III against Defendants should therefore be dismissed.

Plaintiff also brings a First Amendment retaliation claim against Evers. (ECF No. 12, PageID.110). Plaintiff alleges he "engaged in protected speech when he discussed civics and constitutional principles with the Children during court-ordered supervised parenting time" and Evers thereafter took adverse action against him "by terminating the visit early and then seeking, supporting, or enforcing an *ex parte* suspension of Plaintiff's parenting time" because of his protected speech. Specifically, Plaintiff alleges the Court ordered supervised parenting time one hour per week. (*Id.* at PageID.107). He alleges he "engaged in age-appropriate educational and faith-based activities with the Children." (*Id.*). During one visit, "Evers told Plaintiff he could not speak to the Children about the U.S. Constitution or 'constitutional rights.'" (*Id.* at PageID.108). After disagreeing, Evers ordered Plaintiff to leave the visit early, contacted his supervisors, and "*CPS counsel* sought" an order suspending his parenting time because the speech hindered the children's mental well-being, which was granted, "resulting in the suspension of Plaintiff's contact with the Children" without due process. (*Id.* (emphasis added)).

First, as discussed above, a court order suspending Plaintiff's parenting time—even if wrongfully entered—is the fault of the court, not Evers. *Barber*, 809 F.3d at 848. Further removing Evers from the alleged wrongdoing, Plaintiff

10

alleges CPS counsel, not Evers, sought the suspension of parenting time.

As for Evers' early termination of Plaintiff's supervised visit, this allegation also fails to state a claim for retaliation.

> To establish a First Amendment retaliation claim, a plaintiff must show that: (1) she engaged in constitutionally protected activity; (2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was taken, at least in part, because of plaintiff's exercise of the protected conduct.

*Abdulsalaam v. Franklin Cnty. Bd. of Comm'rs*, 637 F. Supp. 2d 561, 579 (S.D. Ohio 2009) (citations omitted); *Clark v. Stone*, 998 F.3d 287, 302–03 (6th Cir. 2021).

As discussed above, Plaintiff has not supported his complaint with enough facts to make this claim plausible.  For example, Plaintiff has not alleged any facts showing he was in fact engaged in constitutionally protected activity when Evers terminated his supervised parenting time early.  Plaintiff does not describe what speech he was engaged in but merely alleges in a conclusory manner that he was engaged in protected speech, which is a legal conclusion the Court need not accept. *Clark*, 998 F.3d at 304.  The most Plaintiff alleges is that he was discussing civics, constitutional rights, or constitutional principles with the children when the visit was terminated.  (ECF No. 12, PageID.108, 110).  These general allegations are not enough.  The facts are speculative and conclusory.  Without more, the Undersigned is unable to infer that Plaintiff was engaged in constitutionally protected conduct. The complaint therefore fails to state enough facts to state a claim that is plausible

on its face. *Twombly*, 550 U.S. at 570.  Count IV against Defendant Evers should therefore be dismissed.

### D.      Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **DENY AS MOOT** Defendants' motion to dismiss (ECF No. 10) and **GRANT** Defendants' motion to dismiss the first amended complaint (ECF No. 13).  If the above recommendations are adopted, Defendants Kreuger and Evers would be dismissed from the case as no remaining claims are asserted against them.

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v.*

*Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 23, 2026

s/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge