**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

DANE CHRISTOPHER MUMA,

       *Plaintiff,*

*v.*

COUNTY OF GLADWIN, et al.,

       *Defendants.*

_____/

Case No. 1:25-cv-13545

David M. Lawson
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DISMISS THE CASE FOR FAILURE TO PROSECUTE AND FOR FAILURE TO EFFECT SERVICE

**I.**    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that remaining Defendants be **DISMISSED** for Plaintiff's failure to affect service pursuant to Fed. R. Civ. P. 4(m).  If the above recommendation is adopted, the case will be closed.

**II.**    **REPORT**

Plaintiff commenced this action by mailing his Complaint to the Clerk's Office, where it was received and filed on November 7, 2025.  (ECF No. 1). Summonses were subsequently issued on November 10, 2025, including summons for Defendant Gladwin County.  (ECF No. 4).  Because Plaintiff paid the filing fee and did not proceed *in forma pauperis*, service was not ordered through the United States Marshal Service.  Responsibility for effecting service therefore rested with

Plaintiff.   Plaintiff never proved service on Defendant County of Gladwin as required by Federal Rule of Civil Procedure 4(l) nor does the docket reflect that Gladwin County has been served.  On February 20, 2026, the Undersigned ordered Plaintiff to show cause on or before March 13, 2026, why his claims against Gladwin County should not be dismissed without prejudice under Rule 4(m) for failure to timely serve and failure to prosecute.  (ECF No. 15).  Plaintiff did not respond.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve each defendant within 90 days after the complaint is filed.  More than 90 days have elapsed since November 7, 2025.  Plaintiff has not responded to any motions or orders since December 2025.  (*See* ECF Nos. 12–16).  Based on Plaintiff's failure to serve Defendant Gladwin County, his failure to respond to this Court's order to show cause why it should not be dismissed, and his more recent failure to prosecute the case in general, the Undersigned recommends the Court **DISMISS** Defendant Gladwin County.  *Soto v. Dean Foods Co.*, No. 17-cv-13821, 2018 WL 4906598 (E.D. Mich. Apr. 27, 2018).

The Court recently adopted the Undersigned's Report & Recommendation to dismiss all other named Defendants.  (ECF No. 17).  If the above recommendation is adopted, the only Defendants remaining will be unnamed John Does 1–25. Plaintiff explains "Defendants and DOES 1–25 are individuals whose identities are currently unknown to Plaintiff and who allegedly participated in, directed, approved,

ratified, or failed to stop the unconstitutional conduct alleged herein. Plaintiff will amend this Complaint to substitute true names if/when discovered." (ECF No. 12, PageID.105). These Defendants should also be dismissed and the case should be closed.

Generally, using unnamed defendants is not favored. *Eden v. Keinath*, No. 22-cv-11515, 2022 WL 2812515, at *3 (E.D. Mich. July 18, 2022), *vacated on other grounds*, 2022 WL 22945664 (E.D. Mich. Oct. 14, 2022). "Dismissal of Doe defendants is proper where a plaintiff fails to identify and serve and Doe defendants within the time limit provided for in Rule 4(m)." *Id.* (citing *Petty v. Cnty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007), *overruled on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007)).

Here, Plaintiff has not served the unnamed Defendants. The Undersigned therefore **RECOMMENDS** they be **DISMISSED**. *Accord Cunningham v. Select Student Loan Help, LLC*, No. 15-cv-554, 2018 WL 3426176, at *1 (M.D. Tenn. July 16, 2018) (dismissing Doe defendants for failure to obtain service of process); *Rusiecki v. Trombley*, No. 06-cv-14023, 2008 WL 192284, at *8 (E.D. Mich. Jan. 23, 2008) (same). Additionally, the Doe defendants may be dismissed for failure to state a claim, as the claims he appears to bring against them are the same as those already determined to be insufficient, *see Melton v. Blankenship*, No. 08-5346, 2009 WL 87472, at *4 (6th Cir. 2009), or, alternatively, because there are no

remaining claims against any named defendants. *See Barber v. Cunningham*, No. 23-cv-10095, 2024 WL 1453212, at *3 (E.D. Mich. Mar. 7, 2024), *report and recommendation adopted*, 2024 WL 1444956 (E.D. Mich. Apr. 3, 2024).

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains.

Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 2, 2026

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge